**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JOHN AARON VANDERBURG**                                   **PLAINTIFF**

**VERSUS**                        **CIVIL ACTION NO. 1:08cv90-LG-RHW**

**HARRISON COUNTY, MISSISSIPPI, BY AND THROUGH
ITS BOARD OF SUPERVISORS, HARRISON COUNTY
SHERIFF'S DEPARTMENT;  SHERIFF GEORGE PAYNE, JR.,
OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY;
DIRECTOR OF CORRECTIONS MAJOR WAYNE PAYNE,
in his official and individual capacity; DIRECTOR OF
CORRECTIONS MAJOR DIANE GASTON RILEY, in her
official and individual capacity; DIRECTOR OF
PROFESSIONAL STANDARDS/INTERNAL AFFAIRS
CAPTAIN STEVE CAMPBELL, in his official and individual
capacity; SUPERVISOR OF BOOKING CAPTAIN RICK
GASTON, in his official and individual capacity; CORRECTIONS
OFFICER SERGEANT RYAN TEEL, in his official and
individual capacity; CORRECTIONS OFFICERS JOHN
DOE 1-2 in their official and individual capacity;
ADMINISTRATIVE OFFICER ROBERT PARKER, in his
official and individual capacity; AMERICAN CORRECTIONS
ASSOCIATION and its EXECUTIVE DIRECTOR JAMES A.
GONDLES, JR., and employee(s) JOHN AND/OR JANE
DOE 1-3; HEALTH ASSURANCE LLC and its employee
JOHN AND/OR JANE DOE        1-2**                        **DEFENDANTS**

<u>**ANSWER**</u>

COMES NOW, Defendant RYAN TEEL (Defendant), by and through his undersigned

counsel, Jim Davis and Ian Brendel and pursuant to the Federal Rules of Civil Procedure, and file

this Answer, Defenses and Affirmative Defenses to Plaintiff's Complaint, and would say, as

follows, to-wit:

<u>FIRST DEFENSE</u>

1

To the extent Plaintiff raises any claims under Mississippi law, Plaintiff has failed to comply with the requirements of the Mississippi Tort Claims Act, Mississippi Code Ann. Section 11-46-1, et. seq., including the notice requirements of Section 11-26-11.

## SECOND DEFENSE

The Complaint and Amended Complaint, and all attachments should be dismissed for failure to state a complaint upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

The Defendant specifically reserves and invoke all other rights and defenses available unto them, including but not limited to, those set forth in Rules 8 (c), 12(b), and 19 of the Federal Rules of Civil Procedure, the Mississippi Code Annotated of 1972, as amended, including the Mississippi Tort Claims Act, the United States Code, an/or common law, for which a good-faith legal and/or factual basis exists in their favor.

## FOURTH DEFENSE

That at all times relevant to Plaintiff's claims, the answering Defendant acted in a reasonable manner and in good faith while in the course and scope of their employment and in the execution of their official duties, and therefore, the answering Defendant is immune from liability.

## FIFTH DEFENSE

The subject of Plaintiff's Complaint does not involve any implementation or execution of any policy, statement, ordinance, regulation, or decision officially adopted and/or promulgated by these Defendants. These Defendants neither promulgated nor condoned any policy, custom, or usage, or the implementation thereof, which allegedly resulted in any

2

constitutional violations or deprivations of Plaintiff.

## SIXTH DEFENSE

Any acts or omissions by these Defendants are not the sole and proximate cause of, or in the alternative, the proximate contributing cause of any injuries to the Plaintiff, or any alleged injuries or damages to the Plaintiff, so that these Defendants are not liable to the Plaintiff.

## SEVENTH DEFENSE

These answering Defendants plead all applicable privileges and immunities under both state and federal law, including but not limited to, the common law and statutory doctrine of sovereign immunity, absolute immunity, and qualified immunity.

## EIGHTH DEFENSE

The Plaintiff lacks standing to pursue this civil action.

## NINTH DEFENSE

These answering Defendants would state that the Sheriff is the only policymaker at the Harrison County Sheriff's Department and no other Defendants or any other individual's conduct can be characterized as that of a policymaker. Therefore, these answering Defendants' conduct cannot attribute liability to the Harrison County Sheriff's Department or Harrison County, Mississippi, itself. In the alternative, in the event any of

these answering Defendants is deemed to have been a policymaker at the Harrison

County Adult Detention Center during the time complained of, then all allegations of official

capacity liability against these answering Defendants are denied.

## TENTH DEFENSE

AND NOW, in response to the allegations of the Complaint filed on November 30, 2007,

3

Defendant Stolze, answer Paragraph by Paragraph as follows:

<u>PRELIMINARY STATEMENT OF CLAIM</u>

1.    In response to the allegations contained in paragraph 1, Defendant admits that Plaintiff's allegations are brought under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 42 U.S.C. § 1988. All remaining allegations are denied.

2.    In response to the allegations in paragraph 2, Defendant admits that Plaintiff was incarcerated on May 26, 2005 at the Harrison County Adult Detention Center. All remaining allegations are denied.

3.    In response to the allegations in paragraph 3, Defendant denies all allegations contained therein.

4.    In response to the allegations in paragraph 4, Defendant denies all allegations contained therein.

5.    In response to the allegations in paragraph 5, Defendant denies all allegations contained therein.

6.    In response to the allegations in paragraph 6, Defendant denies all allegations contained therein.

7.    In response to the allegations in paragraph 7, Defendant denies all allegations contained therein.

8.    In response to the allegations in paragraph 8, Defendant denies all allegations contained therein.

9.    In response to the allegations in paragraph 9, Defendant denies all allegations contained therein.

## JURISDICTION OF THE COURT

10.    In response to the allegations in paragraph 10, Defendant admits that this Honorable District Court has jurisdiction over this case. However, Defendant denies the remaining allegations contained in paragraph 10.

## VENUE

11.    In response to the allegations in paragraph 11, Defendant admits that venue is proper in the United States District Court for the Southern District of Mississippi, Southern Division. However, Defendant denies the remaining allegations contained in paragraph 11.

## PARTIES TO THE LAWSUIT

12.    In response to the allegations in paragraph 12, at this time, Defendant admits that Plaintiff's name is Aaron Vanderburg. However, Defendant is without sufficient knowledge or information to form a belief as to the true of such remaining averments in paragraph 12 at this time, and therefore, out of an abundance of caution, Defendant's remaining averments in paragraph 12 are denied.

## DEFENDANTS

13.    In response to the allegations in paragraph 13, the allegations contained in Paragraph 13 of the Complaint are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

14.    In response to the allegations in paragraph 14, the allegations contained in Paragraph 14 of the Complaint are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

15.     In response to the allegations in paragraph 15, the allegations contained in Paragraph 15 of the Complaint are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

16.     In response to the allegations in paragraph 16, the allegations contained in Paragraph 16 of the Complaint are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

17.     In response to the allegations in paragraph 17, the allegations contained in Paragraph 17 of the Complaint are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

18.     In response to the allegations in paragraph 18, the allegations contained in Paragraph 18 of the Complaint are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

19.     In response to the allegations in paragraph 19, Ryan Teel admits that he was employed as a Corrections Officer in the Booking Department for the Sheriff of Harrison County, Mississippi and was an adult resident of Mississippi at all times relevant to Plaintiff's allegations in Plaintiff's complaint. However, the remaining allegations in paragraph 20 are denied.

20.     In response to the allegations in paragraph 20, the allegations contained in Paragraph 20 of the Complaint are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

21.     In response to the allegations in paragraph 21, the allegations contained in Paragraph 21 of the Complaint are not directed to the answering Defendant, and

therefore, no response to this paragraph is required.

_____22.    In response to the allegations in paragraph 22, the allegations contained in

Paragraph 22 of the Complaint are not directed to the answering Defendant, and

therefore, no response to this paragraph is required.

_____23.    In response to the allegations in paragraph 23, the allegations contained in

Paragraph 23 of the Complaint are not directed to the answering Defendant, and

therefore, no response to this paragraph is required.

24.    In response to the allegations in paragraph 24, the allegations contained in

Paragraph 24 of the Complaint are not directed to the answering Defendant, and

therefore, no response to this paragraph is required.

_____25.    In response to the allegations in paragraph 25, the allegations contained in

Paragraph 25 of the Complaint are not directed to the answering Defendant, and

therefore, no response to this paragraph is required.

_____26.    In response to the allegations in paragraph 26, the allegations contained in

Paragraph 26 of the Complaint are not directed to the answering Defendant, and

therefore, no response to this paragraph is required.

## STATEMENT OF THE CASE

**VIOLATION OF CONSTITUTIONAL PROTECTIONS AFFORDED PRE-TRIAL DETAINEE JOHN AARON VANDERBURG RESULTING IN SERIOUS INJURY BY CORRECTIONAL OFFICERS AND MEDICAL STAFF ACTING UNDER THE COLOR OF THE LAW**

27.    In response to the allegations in paragraph 27,  Defendant admits that Plaintiff's

allegations are brought under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. §



1986, 42 U.S.C. § 1988. All remaining allegations in paragraph 27 are denied.

28.    In response to the allegations in paragraph 28, Defendant denies all allegations therein.

29.    In response to the allegations in paragraph 29, Defendant denies all allegations therein.

30.    In response to the allegations in paragraph 30, Defendant denies all allegations therein.

31.    In response to the allegations in paragraph 31, the allegations contained in Paragraph 31 of the Complaint are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

**DELIBERATE INDIFFERENCE TO VANDERBURG'S MEDICAL NEEDS**

32.    In response to the allegations in paragraph 32, Defendant denies all allegations therein.

33.    In response to the allegations in paragraph 33, Defendant denies all allegations therein.

34.    In response to the allegations in paragraph 34, the allegations contained in Paragraph 34 of the Complaint are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

35.    In response to the allegations in paragraph 35, Defendant denies all allegations therein.

36.    In response to the allegations in paragraph 36, the allegations contained in Paragraph 36 of the Complaint are not directed to the answering Defendant, and

therefore, no response to this paragraph is required.

37.    In response to the allegations in paragraph 37, Defendant denies all allegations

therein.

38.    In response to the allegations in paragraph 38, Defendant denies all allegations

therein.

## CONSPIRACY BETWEEN HARRISON COUNTY OFFICIALS AND ACA TO OBTAIN FRAUDULENT ACA ACCREDITATION

39.    In response to the allegations in paragraph 39, Defendant denies all allegations

therein.

40.    In response to the allegations in paragraph 40, Defendant denies all allegations

therein.

41.    In response to the allegations in paragraph 41, the allegations contained in

Paragraph 41 of the Complaint are not directed to the answering Defendant, and

therefore, no response to this paragraph is required.

42.    In response to the allegations in paragraph 42, the allegations contained in

Paragraph 42 of the Complaint are not directed to the answering Defendant, and

therefore, no response to this paragraph is required. However, to the extent that

Defendant is referenced, if any, in paragraph 42 of the Complaint, Defendant is

without sufficient knowledge or information to form a belief as to the true of such

allegations, and therefore, out of an abundance of caution, all allegations therein

are denied.

43.    In response to the allegations in paragraph 43, the allegations contained in

9

Paragraph 43 of the Complaint are not directed to the answering Defendant, and therefore, no response to this paragraph is required. However, to the extent that Defendant is referenced, if any, in paragraph 43 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the true of such allegations, and therefore, out of an abundance of caution, all allegations therein are denied.

44.    In response to the allegations in paragraph 44, Defendant denies all allegations therein.

45.    In response to the allegations in paragraph 45, Defendant denies all allegations therein.

46.    In response to the allegations in paragraph 46, Defendant denies all allegations therein.

47.    In response to the allegations in paragraph 47, Defendant denies all allegations therein.

48.    In response to the allegations in paragraph 48, Defendant denies all allegations therein.

49.    In response to the allegations in paragraph 49, Defendant denies all allegations therein.

50.    In response to the allegations in paragraph 50, Defendant denies all allegations therein.

51.    In response to the allegations in paragraph 51, Defendant denies all allegations therein.

_____52.    In response to the allegations in paragraph 52, Defendant denies all allegations therein.

_____53.    In response to the allegations in paragraph 53, Defendant denies all allegations therein.

54.    In response to the allegations in paragraph 54, Defendant denies all allegations therein.

55.    In response to the allegations in paragraph 55, Defendant denies all allegations therein.

56.    In response to the allegations in paragraph 56, Defendant denies all allegations therein.

57.    In response to the allegations in paragraph 57, Defendant denies all allegations therein.

58.    In response to the allegations in paragraph 58, Defendant denies all allegations therein.

59.    In response to the allegations in paragraph 59, Defendant denies all allegations therein.

60.    In response to the allegations in paragraph 60, Defendant denies all allegations therein.

61.    In response to the allegations in paragraph 61, Defendant denies all allegations therein.

62.    In response to the allegations in paragraph 62, Defendant denies all allegations therein.

## INTENTIONAL USE OF INJURIOUS EXCESSIVE FORCE

63.     In response to the allegations in paragraph 63, Defendant denies all allegations therein.

64.     In response to the allegations in paragraph 64, Defendant denies all allegations therein, including subsections A-F.

65.     In response to the allegations in paragraph 65, Defendant denies all allegations therein.

## DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS FOR SUBSTANTIAL INJURIES SUSTAINED BY VANDERBURG FROM ASSAULT IN BOOKING

66.     In response to the allegations in paragraph 66, Defendant denies all allegations therein.

67.     In response to the allegations in paragraph 67, Defendant denies all allegations therein.

68.     In response to the allegations in paragraph 68, Defendant denies all allegations therein.

69.     In response to the allegations in paragraph 69, Defendant denies all allegations therein.

70.     In response to the allegations in paragraph 70, Defendant denies all allegations therein.

## CONSPIRACY TO COVER-UP BEATING(S) BY CORRECTIONAL OFFICERS

71.     In response to the allegations in paragraph 71, Defendant denies all allegations therein.

72.     In response to the allegations in paragraph 72, Defendant denies all allegations therein.

73.     In response to the allegations in paragraph 73, Defendant denies all allegations therein.

74.     In response to the allegations in paragraph 74, Defendant denies all allegations therein.

75.     In response to the allegations in paragraph 75, Defendant denies all allegations therein.

76.     In response to the allegations in paragraph 76, Defendant denies all allegations therein.

77.     In response to the allegations in paragraph 77, Defendant denies all allegations therein.

78.     In response to the allegations in paragraph 78, Defendant denies all allegations therein.

79.     In response to the allegations in paragraph 79, Defendant denies all allegations therein.

80.     In response to the allegations in paragraph 80, Defendant denies all allegations therein.

81.     In response to the allegations in paragraph 81, Defendant denies all allegations therein.

82.     In response to the allegations in paragraph 82, Defendant denies all allegations therein.

83.    In response to the allegations in paragraph 83, Defendant denies all allegations therein.

84.    In response to the allegations in paragraph 84, Defendant denies all allegations therein.

85.    In response to the allegations in paragraph 85, Defendant denies all allegations therein.

86.    In response to the allegations in paragraph 86, Defendant denies all allegations therein.

87.    In response to the allegations in paragraph 87, Defendant denies all allegations therein.

88.    In response to the allegations in paragraph 88, Defendant denies all allegations therein.

## KNOWLEDGE OF HABIT, PATTERN, CUSTOM OR POLICY

89.    In response to the allegations in paragraph 89, Defendant denies all allegations therein.

## EVIDENCE AND DOCUMENTATION OF OFFICIAL RECORD

90.    In response to the allegations in paragraph 90, Defendant denies all allegations therein.

91.    In response to the allegations in paragraph 91, Defendant denies all allegations therein.

## PERSISTENT AND WIDESPREAD PRACTICES OF INJURIOUS ABUSE AND USE OF EXCESSIVE FORCE ON PRE-TRIAL DETAINEES THAT "SHOCK THE CONSCIOUS"

14

**WELCOME TO THE HOUSE OF PAYNE**

_____92.    In response to the allegations in paragraph 92, Defendant denies all allegations therein.

93.    In response to the allegations in paragraph 93, Defendant denies all allegations therein.

_____94.    In response to the allegations in paragraph 94, Defendant denies all allegations therein.

_____95.    In response to the allegations in paragraph 95, Defendant denies all allegations therein.

**"THUMPING" ARRIVING ARRESTEES**

96.    In response to the allegations in paragraph 96, Defendant denies all allegations therein.

_____97.    In response to the allegations in paragraph 97, Defendant denies all allegations therein.

_____98.    In response to the allegations in paragraph 98, Defendant denies all allegations therein.

_____99.    In response to the allegations in paragraph 99, Defendant denies all allegations therein.

_____100.    In response to the allegations in paragraph 100, Defendant denies all allegations therein.

_____101.    In response to the allegations in paragraph 101, Defendant denies all allegations therein.

**ARRIVING ARRESTEES WHO WERE CONSIDERED VERBALLY AGGRESSIVE WERE RESPONDED TO WITH EXCESSIVE AND UNJUSTIFIED USE OF UNNECESSARY FORCE**

102.     In response to the allegations in paragraph 102, Defendant denies all allegations therein.

103.     In response to the allegations in paragraph 103, Defendant denies all allegations therein.

104.     In response to the allegations in paragraph 104, Defendant denies all allegations therein.

105.     In response to the allegations in paragraph 105, Defendant denies all allegations therein.

106.     In response to the allegations in paragraph 106, Defendant denies all allegations therein.

**THEME NIGHTS IN BOOKING**

107.     In response to the allegations in paragraph 107, Defendant denies all allegations therein.

108.     In response to the allegations in paragraph 108, Defendant denies all allegations therein.

109.     In response to the allegations in paragraph 109, Defendant denies all allegations therein.

110.     In response to the allegations in paragraph 110, Defendant denies all allegations therein.

111.     In response to the allegations in paragraph 111, Defendant denies all allegations

therein.

_____112.   In response to the allegations in paragraph 112, Defendant denies all allegations

therein.

## THE FLOOR SHOWS

113.   In response to the allegations in paragraph 113, Defendant denies all allegations

therein.

_____114.   In response to the allegations in paragraph 114, Defendant denies all allegations

therein

_____115.   In response to the allegations in paragraph 115, Defendant denies all allegations

therein.

_____116.   In response to the allegations in paragraph 116, Defendant denies all allegations

therein.

_____117.   In response to the allegations in paragraph 117, Defendant denies all allegations

therein.

_____118.   In response to the allegations in paragraph 118, Defendant denies all allegations

therein.

## THE SLEEPER GAME

119.   In response to the allegations in paragraph 119, Defendant denies all allegations

therein.

120.   In response to the allegations in paragraph 120, Defendant denies all allegations

therein.

121.   In response to the allegations in paragraph 121, Defendant denies all allegations

therein.

122.    In response to the allegations in paragraph 122, Defendant denies all allegations therein.

123.    In response to the allegations in paragraph 123, Defendant denies all allegations therein.

## THE NO HABLOES

124.    In response to the allegations in paragraph 124, Defendant denies all allegations therein.

125.    In response to the allegations in paragraph 125, Defendant denies all allegations therein.

126.    In response to the allegations in paragraph 126, Defendant denies all allegations therein.

127.    In response to the allegations in paragraph 127, Defendant denies all allegations therein.

128.    In response to the allegations in paragraph 128, Defendant denies all allegations therein.

129.    In response to the allegations in paragraph 129, Defendant denies all allegations therein.

## THE SHOWER

130.    In response to the allegations in paragraph 130, Defendant denies all allegations therein.

131.    In response to the allegations in paragraph 131, Defendant denies all allegations

therein.

_____132.    In response to the allegations in paragraph 132, Defendant denies all allegations
therein.

_____133.    In response to the allegations in paragraph 133, Defendant denies all allegations
therein.

_____134.    In response to the allegations in paragraph 134, Defendant denies all allegations
therein.

_____135.    In response to the allegations in paragraph 135, Defendant denies all allegations
therein.

_____136.    In response to the allegations in paragraph 136, Defendant denies all allegations
therein.

_____137.    In response to the allegations in paragraph 137, Defendant denies all allegations
therein.

_____138.    In response to the allegations in paragraph 138, Defendant denies all allegations
therein.

_____139.    In response to the allegations in paragraph 139, Defendant denies all allegations
therein.

**SPRAY THE BITCH**

_____140.    In response to the allegations in paragraph 140, Defendant denies all allegations
therein.

_____141.    In response to the allegations in paragraph 141, Defendant denies all allegations
therein.

_____142.    In response to the allegations in paragraph 142, Defendant denies all allegations therein.

_____143.    In response to the allegations in paragraph 143, Defendant denies all allegations therein.

### USE YOUR WHOLE BODY TO MAKE ME FEEL GOOD

_____144.    In response to the allegations in paragraph 144, Defendant denies all allegations therein.

_____145.    In response to the allegations in paragraph 145, Defendant denies all allegations therein.

_____146.    In response to the allegations in paragraph 146, Defendant denies all allegations therein

_____147.    In response to the allegations in paragraph 147, Defendant denies all allegations therein

_____148.    In response to the allegations in paragraph 148, Defendant denies all allegations therein

### YARD CALLS

_____149.    In response to the allegations in paragraph 149, Defendant denies all allegations therein.

150.    In response to the allegations in paragraph 150, Defendant denies all allegations therein.

151.    In response to the allegations in paragraph 151, Defendant denies all allegations therein.

_____152.    In response to the allegations in paragraph 152, Defendant denies all allegations therein.

## FAILURE TO TRAIN AND SUPERVISE

_____153.    In response to the allegations in paragraph 153, Defendant denies all allegations therein._____

_____154.    In response to the allegations in paragraph 154, Defendant denies all allegations therein.

_____155.    In response to the allegations in paragraph 155, Defendant denies all allegations therein.

_____156.    In response to the allegations in paragraph 156, Defendant denies all allegations therein.

157.    In response to the allegations in paragraph 157, Defendant denies all allegations therein

_____158.    In response to the allegations in paragraph 158, Defendant denies all allegations therein

_____159.    In response to the allegations in paragraph 159, Defendant denies all allegations therein

_____160.    In response to the allegations in paragraph 160, Defendant denies all allegations therein

_____161.    In response to the allegations in paragraph 161, Defendant denies all allegations therein

_____162.    In response to the allegations in paragraph 162, Defendant denies all allegations

therein

163.    In response to the allegations in paragraph 163, Defendant denies all allegations

therein

## SPECIFIC STATEMENT OF FACTS

### ARREST AND DETENTION OF VANDERBURG

164.    In response to the allegations in paragraph 164, Defendant admits that Plaintiff

was arrested, transported and booked into custody at the Harrison County Adult

Detention Center on March 13, 2005. Defendant does not have sufficient

knowledge to admit nor deny whether Plaintiff was injured when Plaintiff arrived

at the Harrison County Adult Detention Center, thus, in an abundance of caution,

this allegation is denied.

165.    In response to the allegations in paragraph 165, Defendant denies Plaintiff's

attempt to characterize Defendant as a "pre-trial detainee." Defendant again

admits that Plaintiff was incarcerated at the Harrison County Adult Detention

Center on June 17, 2006. Defendant is without sufficient knowledge to admit nor

deny whether Plaintiff had been convicted of any crime as of March 13, 2005, nor

whether he had been sentenced to incarceration for punishment, thus, in an

abundance of caution, Defendant denies the same. Defendant admits that Plaintiff

had not yet been convicted of the charges for which Plaintiff was being held in

custody at the Harrison County Adult Detention Center on March 13, 2005.

Defendant denies that Plaintiff was incarcerated due to mere suspicion.

### VANDERBURG ASSAULTED AND INJURED

22

166.    In response to the allegations in paragraph 166, Defendant denies all allegations therein

167.    In response to the allegations in paragraph 167, Defendant denies all allegations therein

168.    In response to the allegations in paragraph 168, Defendant is without sufficient knowledge to admit nor deny the averment in paragraph 168, thus, in an abundance of caution, Defendant denies the same.

169.    In response to the allegations in paragraph 169, Defendant denies all allegations therein

170.    In response to the allegations in paragraph 170, Defendant denies all allegations therein

171.    In response to the allegations in paragraph 171, Defendant denies all allegations therein

172.    In response to the allegations in paragraph 172, Defendant denies all allegations therein

173.    In response to the allegations in paragraph 173, Defendant denies all allegations therein

174.    In response to the allegations in paragraph 174, Defendant denies all allegations therein

175.    In response to the allegations in paragraph 175, Defendant denies all allegations therein

176.    In response to the allegations in paragraph 176, Defendant denies all allegations

therein

_____177.    In response to the allegations in paragraph 177, Defendant denies all allegations
therein

_____178.    In response to the allegations in paragraph 178, Defendant denies all allegations
therein

**VANDERBURG DENIED NEEDED MEDICAL ASSISTANCE**

179.    In response to the allegations in paragraph 179, Defendant denies all allegations
therein

_____180.    In response to the allegations in paragraph 180, Defendant denies all allegations
therein

_____181.    In response to the allegations in paragraph 181, Defendant denies all allegations
therein

_____182.    In response to the allegations in paragraph 182, Defendant denies all allegations
therein

_____183.    In response to the allegations in paragraph 183, Defendant denies all allegations
therein

_____184.    In response to the allegations in paragraph 184, Defendant denies all allegations
therein

_____185.    In response to the allegations in paragraph 185, Defendant denies all allegations
therein

_____186.    In response to the allegations in paragraph 186, Defendant denies all allegations
therein

_____187.    In response to the allegations in paragraph 187, Defendant denies all allegations

therein

_____188.    In response to the allegations in paragraph 188, Defendant denies all allegations

therein

_____189.    In response to the allegations in paragraph 189, Defendant denies all allegations

therein.                190.    In response to the allegations in paragraph 190,

Defendant denies all allegations therein

**ADDITIONAL ABUSE OF VANDERBURG FORCED TO CARRY HEAVY MATTRESS**

**AS PUNISHMENT**

_____191.    In response to the allegations in paragraph 191, Defendant denies all allegations

therein

_____192.    In response to the allegations in paragraph 192, Defendant denies all allegations

therein

_____193.    In response to the allegations in paragraph 193, Defendant denies all allegations

therein

_____194.    In response to the allegations in paragraph 194, Defendant denies all allegations

therein

_____195.    In response to the allegations in paragraph 195, Defendant denies all allegations

therein

196.    In response to the allegations in paragraph 196, Defendant denies all allegations

therein

_____197.    In response to the allegations in paragraph 197, Defendant denies all allegations

therein

_____198.    In response to the allegations in paragraph 198, Defendant denies all allegations therein

_____199.    In response to the allegations in paragraph 199, Defendant denies all allegations therein.

_____200.    In response to the allegations in paragraph 200, Defendant denies all allegations therein

_____201.    In response to the allegations in paragraph 201, Defendant denies all allegations therein

**DECEPTIVE STATEMENTS AND CONSPIRACY TO COVER-UP**

_____202.    In response to the allegations in paragraph 202, Defendant denies all allegations therein

_____203.    In response to the allegations in paragraph 203, Defendant denies all allegations therein

_____204.    In response to the allegations in paragraph 204, Defendant denies all allegations therein

_____205.    In response to the allegations in paragraph 205, Defendant denies all allegations therein

_____206.    In response to the allegations in paragraph 206, Defendant denies all allegations therein

_____207.    In response to the allegations in paragraph 207, Defendant denies all allegations

therein

_____208.    In response to the allegations in paragraph 208, Defendant denies all allegations therein

_____209.    In response to the allegations in paragraph 209,  Defendant is without sufficient knowledge to admit nor deny the averment in paragraph 209 at this time, thus, in an abundance of caution, Defendant denies the same.

_____210.    In response to the allegations in paragraph 210, Defendant is without sufficient knowledge to admit nor deny the averment in paragraph 210 at this time, thus, in an abundance of caution, Defendant denies the same.

_____211.    In response to the allegations in paragraph 211, Defendant is without sufficient knowledge to admit nor deny the averment in paragraph 211 at this time, thus, in an abundance of caution, Defendant denies the same.

_____212.    In response to the allegations in paragraph 212, Defendant is without sufficient knowledge to admit nor deny the averment in paragraph 212 at this time, thus, in an abundance of caution, Defendant denies the same.

_____213.    In response to the allegations in paragraph 213, Defendant denies all allegations therein

_____214.    In response to the allegations in paragraph 214, Defendant denies all allegations therein

_____215.    In response to the allegations in paragraph 215, Defendant denies all allegations therein

_____216.    In response to the allegations in paragraph 216, Defendant denies all allegations

27

therein

_____217.    In response to the allegations in paragraph 217, Defendant denies all allegations

therein

_____218.    In response to the allegations in paragraph 218, Defendant denies all allegations

therein

_____219.    In response to the allegations in paragraph 219, Defendant denies all allegations

therein

_____220.    In response to the allegations in paragraph 220, Defendant denies all allegations

therein

_____221.    In response to the allegations in paragraph 221, Defendant denies all allegations

therein

## VANDERBURG'S INJURIES AND DAMAGES

_____222.    In response to the allegations in paragraph 222, Defendant denies all allegations

therein

_____223.    In response to the allegations in paragraph 223, Defendant denies all allegations

therein

224.    In response to the allegations in paragraph 224, Defendant denies all allegations

therein

_____225.    In response to the allegations in paragraph 225, Defendant denies all allegations

therein

_____226.    In response to the allegations in paragraph 226, Defendant denies all allegations

therein

_____227.    In response to the allegations in paragraph 227, Defendant denies all allegations therein

_____228.    In response to the allegations in paragraph 228, Defendant denies all allegations therein

## CONCLUSION

Defendant denies each and every allegation in the general "CONCLUSION" clause of Plaintiff's complaint.

## PRAYER FOR RELIEF

Defendant denies each and every allegation in the general "WHEREFORE PREMISES" clause, including subparagraphs 1 through 8, and denies Plaintiff is entitled to any damages whatsoever.

## <u>AFFIRMATIVE DEFENSES</u>

AND NOW, having answered the Complaint, these answering Defendants assert the following affirmative defenses to be shown and proven at a trial or a hearing of this matter.

### I.

Neither these Defendants nor the Plaintiff can demonstrate the existence of anypolicy, custom, or usage of the Harrison Count Sheriff's Office which later could have led to the alleged constitutional deprivation of which Plaintiff complains, and therefore, Plaintiff cannot maintain a claim against these answering Defendants pursuant to 42 U.S.C. Sec. 1983.

### II.

These Defendants invoke the provisions of Section 85-5-7, Miss. Code Ann. of 1972, as amended, thus reserving any claims for apportionment, contribution and/or indemnity as to other

named or unnamed tortfeasors.

### III.

These Defendants plead all applicable privileges and immunities under both state and federal law, including but not limited to, the common law and statutory doctrines of sovereign immunity, absolute immunity, and qualified immunity. These Defendants state that they are protected by sovereign and absolute immunity. The Defendants, in their individual capacities, state that they are protected by qualified immunity against any claims for penalties, damages, punitive damages, attorney's fees, or any other damages as requested in the Plaintiff's Complaint.

### IV.

To the extent the Complaint, raises any claim under Mississippi law, these Defendants specifically plead all protections to which they are entitled pursuant to Section 11-46-1, et. seq. of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act, including, but not limited to, all notice requirements; all exemptions from the waiver of sovereign immunity; all statutes of limitations; theDefendants' right to a bench trial; and all limitations on liability contained therein.

### V.

The Defendants specifically plead Miss. Code Ann. Section 11-46-9(1) which exempts governmental entities from the waiver of sovereign immunity for any claim arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection, unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.

### VI.

The Defendants specifically plead Miss. Code Ann. Section 11-46-9(1)(d) which exempts governmental entities from the waiver of sovereign immunity for any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.

VII.

The Defendants specially plead Miss. Code Ann. Section 11-46-9(1)(m) which exempts governmental entities from the waiver of sovereign immunity for any claim of any claimant who at the time the claim arises is an inmate of any detention center, jail, … or other such institution, regardless of such claimant is or is not an inmate of any detention center, jail, … or other such institution where the claim is filed.

VIII.

The Defendants would show that at all times while dealing with the Plaintiff or any other inmate at the Harrison County Adult Detention Center, Defendants acted in a professional manner and conducted any and all of their interactions with the Plaintiff in accordance with the professional standards for inmate medical care, management and/or supervision, and the applicable grievance procedures.  Plaintiff's treatment was a result of and was entirely justified by the legitimate penological needs of the Harrison County Adult Detention Center in securing individuals who presented a risk to other inmates or jail staff due to their criminal histories and their demonstrated efforts to act defiantly.  As such, to the extent any of Plaintiff's allegations are later proven to be true, they were entirely justified under the circumstances and in no way violated the Plaintiff' rights or any other provision of federal or state law.

IX.

31

That the damages allegedly sustained by the Plaintiff are speculative and are not recoverable.

X.

Plaintiff's damages arise from a pre-existing condition of the Plaintiff of which these Defendants cannot be held liable.

XI.

Any acts or omissions by these Defendants are not the sole and proximate cause of, or in the alternative, the proximate contributing cause of any injuries to the Plaintiff, or any alleged injuries or damages to the Plaintiff; therefore, these Defendants are not liable to the Plaintiff.

XII.

The Defendants plead all applicable privileges and immunities under both state and federal law, including but not limited to, the common law and statutory doctrine of sovereign immunity, absolute immunity and qualified immunity.

XIII.

That Defendants reserve their right to seek a setoff and/or credit for any sums paid or any other things of value given to or conferred upon Plaintiff arising out of or in any manner related to this incident which otherwise served to reduce or mitigate Plaintiff's alleged damages. In addition or in the alternative, Defendants would affirmatively show that Plaintiff failed to mitigate his damages and Defendants are therefore entitled to all appropriate setoffs and/or credits or a reduction of Plaintiff's alleged damages, due to said failure to mitigate.

XIV.

Defendants specifically plead the doctrines of contributory and comparative negligence.

XV.

The Defendants would show that the Complaint, to the extent that Plaintiff seeks punitive or exemplary damages, violate certain provisions of the Constitution of the United States and the Mississippi Constitution, including, but no limited to, the following:

If violates the Defendants' protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Constitution of the State of Mississippi.

If further violates the Defendants' rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Mississippi.

If violates the Fourteenth Amendments as said Amendment guarantees the Defendants' equal protection of the law, and the Fourteenth Amendment would be violated by the imposition of punitive damages in that such a sanction is discriminatory and arbitrary in penalizing the Defendants on the basis of wealth.

XVI.

The Fourth, Fifth and Sixth Amendments form the basis for laws governing the process, convicting, and sentencing of criminal defendants, and to the extent that the Defendants are subjected to criminal sanctions through punitive damages, the burden of proof for imposing punitive damages is "beyond a reasonable doubt."

XVII.

None of the Plaintiff's alleged injuries are the result of any policy, custom, or usage of the Harrison County Sheriff's Office which led or could have led to the alleged constitutional

deprivations of which Plaintiff complains, and therefore, Plaintiff cannot maintain a claim against these Defendants pursuant to 42 U.S.C. Section 1983. The Harrison County Sheriff's Department had in place adequate policies and procedures which would have allowed Plaintiff to resolve his complaints, but Plaintiff failed to mitigate his damages by failing to utilize said policies and procedures.

XVIII.

To the extent the Plaintiff has not exhausted his administrative remedies, the Defendants would show that the Complaint should be dismissed.

XIX.

The Defendants specifically invoke and plead all defenses to which they may be entitled under the Prison Litigation Reform Act, 42. U.S.C. Section 1997e(e).

XX.

Defendants would show that Plaintiff was afforded all protections due him under the United States Constitution, that any actions by Defendants were reasonable, proper, and complied with any and all constitutional standards, and that there was no violation whatsoever of any of Plaintiff's constitutional or other rights. These answering Defendants would show that they were not deliberately indifferent, subjectively or otherwise, in any contact with Plaintiff, including any need for medical treatment. These answering Defendants would further show that all officers were properly and adequately trained and supervised. Additionally, these answering Defendants would show that any and all policies and procedures pertaining to the operation and the staff of the Harrison County Adult Detention Center were adequate, proper, reasonable, and conformed with any and all constitutional standards and/or requirements.

34

XXI.

Defendants would snow that there can be no liability under Section 1983 under the doctrine

of respondeat superior.  Defendants would further show that they did not

have actual, subjective knowledge of a substantial risk of serious harm to Plaintiff nor did

they respond with subjective deliberate indifference to such a risk under any interpretation of the

United States Constitution.

XXII.

The Defendants would show and aver that any damages incurred, the same being denied,

were solely, directly, and proximately the result of the negligent and/or intentional acts or omissions

of the Plaintiff and/or persons other than these answering Defendants, and were the sole proximate

cause and/or substantial contributing cause of any incident complained of by the Plaintiff and any

and all injuries sustained by the Plaintiff, if any, all of which are denied, and that these activities on

the part of the Plaintiff and/or other persons absolve these answering Defendants herein of any

liability whatsoever.  In the alternative, the Plaintiff's damages, if any, all of which are denied, were

proximately caused by an independent intervening and/or superseding cause such as to bar the

Plaintiff's claims against these answering Defendants.

XXIII.

Defendants would show that any and all actions taken on their part were in a good faith effort

to maintain order and discipline at the Harrison County Adult Detention Center.

XXIV.

Defendants specifically assert that any cause of action asserted by the Plaintiff is barred by

the applicable statute of limitations.

XXV.

Defendants would state that the Sheriff is the only policymaker at the Harrison

County Sheriff's Department and no other Defendants' or any other individual's conduct can be

characterized as that of a policymaker.  Therefore, these answering Defendants' conduct cannot

attribute liability to the Harrison County Sheriff's Department or Harrison County itself.   In the

alternative, in the event these answering Defendants are deemed to be a policymaker at the Harrison

County Adult Detention Center, all allegations of official capacity liability against them are denied.

XXVI.

In the event Plaintiff is seeking punitive damages, Plaintiff is prohibited from recovering

these specific damages under federal law against these Defendants in their official capacities.

XXVII.

These Defendants specifically deny each and every material allegations of the Complaint

which has not been specifically admitted, regardless of paragraph number or lack thereof.

XXVIII.

These Defendants would affirmatively show that, to the extent Plaintiff may have suffered

any injury or damage, such was the result of Plaintiff's own failure to obey the lawful orders given

to him by law enforcement officers acting in their official capacities.  By verbally and physically

resisting and refusing to comply with said officers' lawful orders, Plaintiff's own conduct was the

proximate cause of any force which may have been used against him, and rendered any such force

used entirely reasonable in light of the officers' one need to ensure their safety as well as to preserve

order within the Harrison County Adult Detention Center.

XXIX.

36

At no time were any of these answering Defendants official policy makers for the Harrison County Sheriff's Office, nor did they ever have policy making authority.

XXX.

The Plaintiff lacks standing to pursue this civil action.

XXXI.

These Defendants further reserve the right to amend or supplement this Answer, Defenses and Affirmative Defenses as discovery and investigation continue.

**WHEREFORE,** RYAN TEEL files this, his separate Answer to Plaintiff's Complaint presented against him and upon final hearing, moves that the same be dismissed along with your Defendant with costs being assessed against the Plaintiff.

Respectfully submitted this the 16th day of May, 2008.

RICK GASTON and RYAN TEEL,<br>Defendants

BY:    */s/ James L. Davis, III*_____
          JAMES L. DAVIS, III

BY:    */s/ Ian A. Brendel*_____
          IAN A BRENDEL
          Attorneys for Defendants

<u>**CERTIFICATE OF SERVICE**</u>

I, JAMES L. DAVIS, III, attorney at law, do hereby certify that I have this day electronically filed the foregoing Notice of Appearance with the Clerk of the Court using the ECF filing system, and further, that I have mailed by first class, Untied States mail, postage prepaid, a true and correct copy of same to:

John A. Foxworth, Jr., MSB #8944          James Bailey Halliday, MSB #2924

37

P.O. Box 2345                                          P.O. Box 6783
Gulfport, MS 39505                                     Gulfport, MS   39506

Robert G. Harenski, MSB #10037
P.O. Box  4961
Biloxi, MS   39533

     THIS the16th day of May, 2008.

                                        */s/ James L. Davis, III*_____
                                        JAMES L. DAVIS, III

JAMES L. DAVIS, III,  MS Bar # 5380
IAN A BRENDEL, MS Bar # 102659
Attorneys at Law
1904 – 24th Avenue
P. O. Box 1839
Gulfport, MS  39502
Ph:  228/864-1588
Fx:  228/863-5008