**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JOHN AARON VANDERBURG**                                      **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 1:08cv90 cancel LG-JMR**

**HARRISON COUNTY, MISSISSIPPI BY AND
THROUGH ITS BOARD OF SUPERVISORS;
HARRISON COUNTY SHERIFF GEORGE PAYNE,
in his official capacity; CORRECTIONS
OFFICER SERGEANT RYAN TEEL, acting
under color of state law**                              **DEFENDANTS**

## ANSWER TO FIRST AMENDED COMPLAINT

COMES now Defendant Ryan Teel, by and through his undersigned counsel, and files

this, his answer, to Plaintiff's First Amended Complaint [99], and would show as follows:

### FIRST DEFENSE

To the extent Plaintiff raises any claims under Mississippi law, Plaintiff has failed to comply

with the requirements of the Mississippi Tort Claims Act, Mississippi Code Ann. Section 11-46-1,

et. seq., including the notice requirements of Section 11-26-11.

### SECOND DEFENSE

The Complaint and Amended Complaint, and all attachments should be dismissed for failure

to state a complaint upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure.

### THIRD DEFENSE

The Defendant specifically reserves and invoke all other rights and defenses available unto

them, including but not limited to, those set forth in Rules 8 (c), 12(b), and 19 of the Federal Rules

1

of Civil Procedure, the Mississippi Code Annotated of 1972, as amended, including the Mississippi

Tort Claims Act, the United States Code, an/or common law, for which a good-faith legal and/or

factual basis exists in their favor.

<u>FOURTH DEFENSE</u>

That at all times relevant to Plaintiff's claims, the answering Defendant acted in a reasonable

manner and in good faith while in the course and scope of their employment and in the execution

of their official duties, and therefore, the answering Defendant is immune from liability.

<u>FIFTH DEFENSE</u>

The subject of Plaintiff's Complaint does not involve any implementation or execution of

any policy, statement, ordinance, regulation, or decision officially  adopted

and/or promulgated by these Defendants.  These Defendants neither promulgated nor condoned any

policy, custom, or usage, or the implementation thereof, which allegedly resulted in any

constitutional violations or deprivations of Plaintiff.

<u>SIXTH DEFENSE</u>

Any acts or omissions by these Defendants are not the sole and proximate cause of, or in the

alternative, the proximate contributing cause of any injuries to the Plaintiff, or any alleged injuries

or damages to the Plaintiff, so that these Defendants are not liable to the Plaintiff.

<u>SEVENTH DEFENSE</u>

These answering Defendants plead all applicable privileges and immunities under both state

and federal law, including but not limited to, the common law and statutory doctrine of sovereign

immunity, absolute immunity, and qualified immunity.

<u>EIGHTH DEFENSE</u>

The Plaintiff lacks standing to pursue this civil action.

<u>NINTH DEFENSE</u>

These answering Defendants would state that the Sheriff is the only policymaker at the Harrison County Sheriff's Department and no other Defendants or any other individual's conduct can be characterized as that of a policymaker. Therefore, these answering Defendants' conduct cannot attribute liability to the Harrison County Sheriff's Department or Harrison County, Mississippi, itself. In the alternative, in the event any of

these answering Defendants is deemed to have been a policymaker at the Harrison

County Adult Detention Center during the time complained of, then all allegations of official

capacity liability against these answering Defendants are denied.

<u>TENTH DEFENSE</u>

AND NOW, in response to the allegations of the Plaintiff's First Amended Complaint [99], Defendant RYAN TEEL answers Paragraph by Paragraph as follows:

<u>PLAINTIFF REQUESTS TRIAL BY JURY</u>

Defendant denies the Plaintiff's allegation, in the paragraph below the heading "Plaintiff Requests Trial by Jury," on Page 1 of the First Amended Complaint [99], that there was a "... gross deprivation of his (Plaintiff's) civil rights resulting in grievous physical and mental injuries and related and resultant damages ... ."

1.      In response to the allegations contained in paragraph 1, Defendant admits that Plaintiff's allegations are brought under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 42 U.S.C. § 1988. All remaining allegations are denied based on the information available at the time Defendant files his answer hereto..

2.      Denied.

3.      Denied

4.      Denied.

5.      Denied.

6.      In response to the allegations in paragraph 6, the allegations contained in

Paragraph 6 of the Plaintiff's First Amended Complaint [99] are not directed to

the answering Defendant, and therefore, no response to this paragraph is required.

7.      In response to the allegations in paragraph 7, the allegations contained in

Paragraph 7 of the Plaintiff's First Amended Complaint [99] are not directed to

the answering Defendant, and therefore, no response to this paragraph is required.

8.      In response to the allegations in paragraph 8, the allegations contained in

Paragraph 8 of the Plaintiff's First Amended Complaint [99] are not directed to

the answering Defendant, and therefore, no response to this paragraph is required.

9.      In response to the allegations in paragraph 9, Defendant admits the District Court

has jurisdiction pursuant to 28 U.S.C. § 1331. The remaining allegations are

denied.

10.     Defendant admits that venue is proper in paragraph 10, however all remaining

allegations therein are denied.

11.     Defendant is without sufficient information to admit nor deny Plaintiff's

allegations in paragraph 11, therefore, in an abundance of caution, Defendant

denies Plaintiff's allegations in paragraph 11.

12.     In response to the allegations in paragraph 12, the allegations contained in

Paragraph 12 of the Plaintiff's First Amended Complaint [156] are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

13.    In response to the allegations in paragraph 13, the allegations contained in Paragraph 13 of the Plaintiff's First Amended Complaint [156] are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

14.    Defendant Teel admits he was employed for the Sheriff of Harrison County, Mississippi on May 26, 2005. The remaining allegations in paragraph 14 are denied.

15.    Defendant admits that Plaintiff brings his claims under 42 USC § 1983, 42 USC § 1985, and 42 USC § 1988. The remaining allegations in paragraph 15 are denied.

16.    Denied.

17.    Defendant Teel is without sufficient information to admit or deny the allegations in paragraph 17, therefore in an abundance of caution, the allegations therein are denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    All allegations in paragraph 23 are denied, including subsections A-F.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    In response to the allegations in paragraph 36, the allegations contained in
        Paragraph 36 of the Plaintiff's First Amended Complaint [156] are not directed to
        the answering Defendant, and therefore, no response to this paragraph is required.

37.    In response to the allegations in paragraph 37, the allegations contained in
        Paragraph 37 of the Plaintiff's First Amended Complaint [156] are not directed to
        the answering Defendant, and therefore, no response to this paragraph is required.

38.    In response to the allegations in paragraph 38, the allegations contained in
        Paragraph 38 of the Plaintiff's First Amended Complaint [156] are not directed to
        the answering Defendant, and therefore, no response to this paragraph is required.

39.    In response to the allegations in paragraph 39, the allegations contained in
        Paragraph 39 of the Plaintiff's First Amended Complaint [156] are not directed to
        the answering Defendant, and therefore, no response to this paragraph is required.

40.     In response to the allegations in paragraph 40, the allegations contained in Paragraph 40 of the Plaintiff's First Amended Complaint [156] are not directed to the answering Defendant, and therefore, no response to this paragraph is required.

41.     Defendant is without sufficient information to admit nor deny Plaintiff's allegation in paragraph 41, therefore, in an abundance of caution, Defendant denies the Plaintiff's allegations in paragraph 41.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied to the extent that the allegations in paragraph 103 are construed to relate to
        Defendant Ryan Teel.

104.    Denied to the extent that the allegations in paragraph 104 are construed to relate to
        defendant Ryan Teel.

105.    Denied to the extent that the allegations in paragraph 105 are construed to relate to
        defendant Ryan Teel.

106.    The allegations in paragraph 106 but there was not proper training is denied, and
        further it is denied that there was widespread and persistent practices of abuse.

107.    Denied.

108.    Denied.

109.    The allegations in paragraph 109 are not directed to the answering defendant,
        therefore no response is required.

110.    The allegations in paragraph 110 are not directed to the answering defendant,
        therefore no response is required..

111.    Denied.

112.    Denied.

113.    Is admitted it plaintiff was arrested on May 26, 2005. The remaining allegations in
        paragraph 113 are denied.

114.    At this time, answering defendant is without sufficient information to either admit
        or deny the allegations in paragraph 114 therefore, an abundance of caution, the
        allegations are denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    The allegations in paragraph 119 are denied to any extent they are construed that

there was excessive force used, or the such force was used without justification.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    The answering defendant has no knowledge of any conversations between the

plaintiff and any administrative officers at the Harrison County Sheriff's

Department, therefore, an abundance of caution, the allegations in paragraph 133

11

are denied at this time.

134. The answering defendant has no independent knowledge that Robert Parker was an acquaintance of the plaintiff, therefore, in an abundance of caution, the allegations in paragraph 134 are denied at this time.

135. The answering defendant has no independent knowledge of any conversations between the plaintiff and Robert Parker, therefore, in an abundance of caution, the allegations in paragraph 135 are denied at this time.

136. The answering defendant has no independent knowledge of any conversations between the plaintiff and Robert Parker, therefore, in an abundance of caution, the allegations in paragraph 136 are denied at this time.

137. The answering defendant has no independent knowledge of any conversations between the plaintiff and Robert Parker, therefore, in an abundance of caution, the allegations in paragraph 136 are denied at this time.

138. The answering defendant has no independent knowledge of any conversation between the plaintiff and Robert Parker, therefore, in an abundance of caution, the allegations in paragraph 138 are denied at this time.

139. The answering defendant has no independent knowledge of any conversation between the plaintiff and Robert Parker, therefore, in an abundance of caution, the allegations in paragraph 139 are denied at this time.

140. The answering defendant is without sufficient information to either admit or deny that the defendant Harrison County investigated "this matter," therefore, in an abundance of caution, the allegations in paragraph 140 are denied at this time.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

## CONCLUSION

All allegations under the paragraph with the heading "Conclusion" on Page 33 of Plaintiff's First Amended Complaint [99]are hereby denied.

## DEMAND FOR RELIEF

The answering Defendant denies that Plaintiff is entitled to any relief he seeks under the paragraph with the heading "Demand for Relief" on Page 34 of Plaintiff's First Amended Complaint [99], including subsections 1-3.

## AFFIRMATIVE DEFENSES

AND NOW, having answered the Complaint, the answering Defendant assert the following affirmative defenses to be shown and proven at a trial or a hearing of this matter.

### I.

Neither these Defendants nor the Plaintiff can demonstrate the existence of any policy, custom, or usage of the Harrison Count Sheriff's Office which later could have led to the alleged constitutional deprivation of which Plaintiff complains, and therefore, Plaintiff cannot maintain a claim against these answering Defendants pursuant to 42 U.S.C. Sec. 1983.

### II.

These Defendants invoke the provisions of Section 85-5-7, Miss. Code Ann. of 1972, as

13

amended, thus reserving any claims for apportionment, contribution and/or indemnity as to other named or unnamed tortfeasors.

III.

These Defendants plead all applicable privileges and immunities under both state and federal law, including but not limited to, the common law and statutory doctrines of sovereign immunity, absolute immunity, and qualified immunity. These Defendants state that they are protected by sovereign and absolute immunity. The Defendants, in their individual capacities, state that they are protected by qualified immunity against any claims for penalties, damages, punitive damages, attorney's fees, or any other damages as requested in the Plaintiff's Complaint.

IV.

To the extent the Complaint, raises any claim under Mississippi law, these Defendants specifically plead all protections to which they are entitled pursuant to Section 11-46-1, et. seq. of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act, including, but not limited to, all notice requirements; all exemptions from the waiver of sovereign immunity; all statutes of limitations; theDefendants' right to a bench trial; and all limitations on liability contained therein.

V.

The Defendants specifically plead Miss. Code Ann. Section 11-46-9(1) which exempts governmental entities from the waiver of sovereign immunity for any claim arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection, unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.

VI.

The Defendants specifically plead Miss. Code Ann. Section 11-46-9(1)(d) which exempts governmental entities from the waiver of sovereign immunity for any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.

VII.

The Defendants specially plead Miss. Code Ann. Section 11-46-9(1)(m) which exempts governmental entities from the waiver of sovereign immunity for any claim of any claimant who at the time the claim arises is an inmate of any detention center, jail, … or other such institution, regardless of such claimant is or is not an inmate of any detention center, jail, … or other such institution where the claim is filed.

VIII.

The Defendants would show that at all times while dealing with the Plaintiff or any other inmate at the Harrison County Adult Detention Center, Defendants acted in a professional manner and conducted any and all of their interactions with the Plaintiff in accordance with the professional standards for inmate medical care, management and/or supervision, and the applicable grievance procedures.  Plaintiff's treatment was a result of and was entirely justified by the legitimate penological needs of the Harrison County Adult Detention Center in securing individuals who presented a risk to other inmates or jail staff due to their criminal histories and their demonstrated efforts to act defiantly.  As such, to the extent any of Plaintiff's allegations are later proven to be true, they were entirely justified under the circumstances and in no way violated the Plaintiff' rights or any other provision of federal or state law.

IX.

That the damages allegedly sustained by the Plaintiff are speculative and are not recoverable.

X.

Plaintiff's damages arise from a pre-existing condition of the Plaintiff of which these Defendants cannot be held liable.

XI.

Any acts or omissions by these Defendants are not the sole and proximate cause of, or in the alternative, the proximate contributing cause of any injuries to the Plaintiff, or any alleged injuries or damages to the Plaintiff; therefore, these Defendants are not liable to the Plaintiff.

XII.

The Defendants plead all applicable privileges and immunities under both state and federal law, including but not limited to, the common law and statutory doctrine of sovereign immunity, absolute immunity and qualified immunity.

XIII.

That Defendants reserve their right to seek a setoff and/or credit for any sums paid or any other things of value given to or conferred upon Plaintiff arising out of or in any manner related to this incident which otherwise served to reduce or mitigate Plaintiff's alleged damages.  In addition or in the alternative, Defendants would affirmatively show that Plaintiff failed to mitigate his damages and Defendants are therefore entitled to all appropriate setoffs and/or credits or a reduction of Plaintiff's alleged damages, due to said failure to mitigate.

XIV.

16

Defendants specifically plead the doctrines of contributory and comparative negligence.

XV.

The Defendants would show that the Complaint, to the extent that Plaintiff seeks punitive or exemplary damages, violate certain provisions of the Constitution of the United States and the Mississippi Constitution, including, but no limited to, the following:

If violates the Defendants' protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Constitution of the State of Mississippi.

If further violates the Defendants' rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Mississippi.

If violates the Fourteenth Amendments as said Amendment guarantees the Defendants' equal protection of the law, and the Fourteenth Amendment would be violated by the imposition of punitive damages in that such a sanction is discriminatory and arbitrary in penalizing the Defendants on the basis of wealth.

XVI.

The Fourth, Fifth and Sixth Amendments form the basis for laws governing the process, convicting, and sentencing of criminal defendants, and to the extent that the Defendants are subjected to criminal sanctions through punitive damages, the burden of proof for imposing punitive damages is "beyond a reasonable doubt."

XVII.

None of the Plaintiff's alleged injuries are the result of any policy, custom, or usage of the

Harrison County Sheriff's Office which led or could have led to the alleged constitutional deprivations of which Plaintiff complains, and therefore, Plaintiff cannot maintain a claim against these Defendants pursuant to 42 U.S.C. Section 1983. The Harrison County Sheriff's Department had in place adequate policies and procedures which would have allowed Plaintiff to resolve his complaints, but Plaintiff failed to mitigate his damages by failing to utilize said policies and procedures.

XVIII.

To the extent the Plaintiff has not exhausted his administrative remedies, the Defendants would show that the Complaint should be dismissed.

XIX.

The Defendants specifically invoke and plead all defenses to which they may be entitled under the Prison Litigation Reform Act, 42. U.S.C. Section 1997e(e).

XX.

Defendants would show that Plaintiff was afforded all protections due him under the United States Constitution, that any actions by Defendants were reasonable, proper, and complied with any and all constitutional standards, and that there was no violation whatsoever of any of Plaintiff's constitutional or other rights. These answering Defendants would show that they were not deliberately indifferent, subjectively or otherwise, in any contact with Plaintiff, including any need for medical treatment. These answering Defendants would further show that all officers were properly and adequately trained and supervised. Additionally, these answering Defendants would show that any and all policies and procedures pertaining to the operation and the staff of the Harrison County Adult Detention Center were adequate, proper, reasonable, and conformed with any and all

18

constitutional standards and/or requirements.

### XXI.

Defendants would snow that there can be no liability under Section 1983 under the doctrine of respondeat superior. Defendants would further show that they did not have actual, subjective knowledge of a substantial risk of serious harm to Plaintiff nor did they respond with subjective deliberate indifference to such a risk under any interpretation of the United States Constitution.

### XXII.

The Defendants would show and aver that any damages incurred, the same being denied, were solely, directly, and proximately the result of the negligent and/or intentional acts or omissions of the Plaintiff and/or persons other than these answering Defendants, and were the sole proximate cause and/or substantial contributing cause of any incident complained of by the Plaintiff and any and all injuries sustained by the Plaintiff, if any, all of which are denied, and that these activities on the part of the Plaintiff and/or other persons absolve these answering Defendants herein of any liability whatsoever. In the alternative, the Plaintiff's damages, if any, all of which are denied, were proximately caused by an independent intervening and/or superseding cause such as to bar the Plaintiff's claims against these answering Defendants.

### XXIII.

Defendants would show that any and all actions taken on their part were in a good faith effort to maintain order and discipline at the Harrison County Adult Detention Center.

### XXIV.

Defendants specifically assert that any cause of action asserted by the Plaintiff is barred by

19

the applicable statute of limitations.

## XXV.

Defendants would state that the Sheriff is the only policymaker at the Harrison County Sheriff's Department and no other Defendants' or any other individual's conduct can be characterized as that of a policymaker. Therefore, these answering Defendants' conduct cannot attribute liability to the Harrison County Sheriff's Department or Harrison County itself. In the alternative, in the event these answering Defendants are deemed to be a policymaker at the Harrison County Adult Detention Center, all allegations of official capacity liability against them are denied.

## XXVI.

In the event Plaintiff is seeking punitive damages, Plaintiff is prohibited from recovering these specific damages under federal law against these Defendants in their official capacities.

## XXVII.

These Defendants specifically deny each and every material allegations of the Complaint which has not been specifically admitted, regardless of paragraph number or lack thereof.

## XXVIII.

These Defendants would affirmatively show that, to the extent Plaintiff may have suffered any injury or damage, such was the result of Plaintiff's own failure to obey the lawful orders given to him by law enforcement officers acting in their official capacities. By verbally and physically resisting and refusing to comply with said officers' lawful orders, Plaintiff's own conduct was the proximate cause of any force which may have been used against him, and rendered any such force used entirely reasonable in light of the officers' one need to ensure their safety as well as to preserve order within the Harrison County Adult Detention Center.

XXIX.

At no time were any of these answering Defendants official policy makers for the Harrison County Sheriff's Office, nor did they ever have policy making authority.

XXX.

The Plaintiff lacks standing to pursue this civil action.

XXXI.

These Defendants further reserve the right to amend or supplement this Answer, Defenses and Affirmative Defenses as discovery and investigation continue.

**WHEREFORE,** Defendant Ryan Teel,  files this, his separate Answer to Plaintiff's First Amended Complaint [99] ruling will need presented against him and upon final hearing, moves that the same be dismissed along with your Defendant with costs being assessed against the Plaintiff.

RESPECTFULLY SUBMITTED, this the 4th day of March, 2009.

RYAN TEEL,
Defendant

BY:    /s IAN A. BRENDEL
        JAMES L. DAVIS, III
        IAN A. BRENDEL
        Attorneys for Morgan Thompson

**CERTIFICATE OF SERVICE**

I, IAN A. BRENDEL, attorney at law, do hereby certify that the undersigned counsel of record has been notified via ECF:

Robert G. Harenski, Esq.
P.O. Box 4961
Biloxi, MS 39533

Karen J. Young, Esq.
The Meadows Law Firm
P.O. Box 1076
Gulfport, MS   39502

Cy Faneca, Esq.
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, MS   39502

Patrick R. Buchanan, Esq.
Michael E. Bruffey, Esq.
Steven B. Dick, Esq.
Brown Buchanan, PA
796 Vieux Marche
Suite 1
Biloxi, MS 39530


THIS the 4th day of March, 2009




BY: /s IAN A. BRENDEL
IAN A. BRENDEL



JAMES L. DAVIS, III - MS Bar #5820
IAN A BRENDEL -  MS Bar # 102659
Law Offices of Jim Davis
1904 – 24th Avenue
P. O. Box 1839
Gulfport, MS  39502
Ph:  228/864-1588