**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

JOHN AARON VANDERBURG                                                    **PLAINTIFF**

V.                                              **CIVIL ACTION NO. 1:08CV90-LG-RHW**

HARRISON COUNTY, MISSISSIPPI BY AND
THROUGH ITS BOARD OF SUPERVISORS;
HARRISON COUNTY SHERIFF GEORGE PAYNE;
WAYNE PAYNE; DIANE GASTON RILEY;
STEVE CAMPBELL; RICK GASTON; CORRECTIONS
OFFICERS JOHN DOES 1-2; ROBERT PARKER;
AMERICAN CORRECTIONS ASSOCIATION;
JAMES A. GONDLES, JR.; AMERICAN CORRECTIONS
ASSOCIATION EMPLOYEES JOHN AND/OR JANE
DOES 1-3,; HEALTH ASSURANCE LLC; HEALTH
ASSURANCE, LLC EMPLOYEES JOHN AND/OR JANE
DOES 1-3;                                                               **DEFENDANTS**

<u>**ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO THE AMENDED
COMPLAINT OF DEFENDANT GEORGE PAYNE, JR.**</u>

COMES NOW Defendant, George Payne, in his official capacity as Sheriff of Harrison

County, by and through his attorneys, Dukes, Dukes, Keating & Faneca, P.A., and pursuant to the

Federal Rules of Civil Procedure, files this his Answer, Defenses and Affirmative Defenses to

Plaintiff's Amended Complaint as follows, to wit:

**FIRST DEFENSE**

The Amended Complaint fails to state a cause of action upon which relief can be granted and

should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

Defendant specifically reserves and invokes all other rights and defenses available including

but not limited to those set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure,

Mississippi Code Annotated of 1972, as amended, including the Mississippi Tort Claims Act, the

United States Code and/or Common Law by which a good faith legal and/or factual basis exists in his favor.

### THIRD DEFENSE

At all times relevant to Plaintiff's claims, this answering Defendant acted in a reasonable manner and in good faith in the execution of his official duties, and therefore this answering Defendant is immune from liability.

### FOURTH DEFENSE

To the extent Plaintiff raises any claims under Mississippi law, Plaintiff has failed to comply with the requirements of the Mississippi Tort Claims Act, Mississippi Code Annotated §11-46-1 et. seq., including the notice requirements of §11-46-11.

### FIFTH DEFENSE

The subject of the Plaintiff's Amended Complaint does not invoke any implementation or execution of any policy, statement, ordinance, regulation or decision officially adopted in, or promulgated by this Defendant.  This Defendant neither promulgated nor condoned any policy, custom, usage or the implementation thereof, which allegedly resulted in any Constitutional violation or deprivation of Plaintiff.

### SIXTH DEFENSE

Any acts or omissions by Defendant are not the sole and proximate cause of, or in the alternative, the proximate contributing cause of any injuries to the Plaintiff, or any alleged injuries or damages to the Plaintiff, so this Defendant is not liable to the Plaintiff.

### SEVENTH DEFENSE

Defendant pleads all applicable privileges and immunities under both State and Federal law, including but not limited to, the Common Law and Statutory Doctrine of Sovereign

Immunity, Absolute Immunity, and Qualified Immunity.

### EIGHTH DEFENSE

This answering Defendant would state that the Sheriff is the only policymaker at the Harrison County Sheriff's Department and no other Defendants or any other individual's conduct can be characterized as that of a policymaker. All allegations of official capacity liability against this answering Defendant are denied.

### NINTH DEFENSE

Plaintiff has not suffered a constitutional deprivation.

### TENTH DEFENSE

There did not exist a habit, pattern, custom, or policy of injurious abuse and use of excessive force against pretrial detainees and/or inmates at the Harrison County Adult Detention Center. Furthermore, Sheriff Payne was not aware of nor should he have been aware of such alleged policy, practice, usage or custom as no such policy, practice, usage or custom existed. Additionally, this Defendant was never deliberately indifferent to Plaintiff's needs or the needs of any other inmate detained and/or incarcerated at the HCADC.

### ELEVENTH DEFENSE

There did not exist a conspiracy to deprive the Plaintiff or any other individual of any rights nor freedoms. Furthermore, Sheriff George Payne, Jr., was not aware of nor should he have been aware of any such conspiracy as no such conspiracy existed.

### TWELFTH DEFENSE

AND NOW, in response to the allegations of the Amended Complaint, this Defendant answers Paragraph by Paragraph as follows:_____

## PRELIMINARY STATEMENT OF CLAIM

1.    To the extent the allegations contained in Paragraph No. 1 of the Amended Complaint make any allegation of liability against this answering Defendant, said allegations are denied, and this Defendant specifically denies that the Plaintiff had any Constitutional or other rights violated.

2.    It is admitted that the Plaintiff was temporarily held in custody on May 26, 2005, as a pretrial detainee in the booking department of the Harrison County Adult Detention Center/Facility, located in Gulfport, Mississippi. However, to the extent the allegations contained in Paragraph No. 2 of the Amended Complaint make any allegation of liability against this answering Defendant, said allegations are denied.

3.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

4.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

5.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

6.    This answering Defendant denies the allegations contained in Paragraph 6.

7.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

8.    This answering Defendant denies the allegations contained in Paragraph 6.

## JURISDICTION OF THE COURT

9.    This Defendant admits that this Court has jurisdiction herein; however, the remaining allegations of Paragraph No. 9 of the Amended Complaint are denied.

## VENUE

4

10. This answering Defendant admits that venue is proper in the United States District Court for the Southern District of Mississippi.

## PARTIES TO THE LAWSUIT

### PLAINTIFF

_____11. This Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph No. 11 of the Amended Complaint.

### DEFENDANTS

12. The allegations contained in Paragraph No. 12 of the Amended Complaint are not directed at this answering Defendant, and therefore do not require a response. However, in response to the allegations contained in Paragraph No. 12 of the Complaint, Defendant admits that Harrison County is a political subdivision of the state of Mississippi, and denies all remaining allegations.

13. This answering Defendant admits that at all times relevant, he was the Sheriff of Harrison County, Mississippi and was the sole policy maker and was responsible for the Harrison County Sheriff's Department, which included the Harrison County Adult Detention Center. To the extent that Paragraph 13 contains any allegations against this answering Defendant, those allegations are denied.

14. The allegations contained in Paragraph No. 14 of the Amended Complaint are not directed at this answering Defendant, and therefore do not require a response. However, out of an abundance of caution, to the extent said allegations make any implication of liability against this answering Defendant, said allegations are denied.

### STATEMENT OF THE CASE

**VIOLATION OF CONSTITUTIONAL PROTECTIONS AFFORDED
PRE-TRIAL DETAINEE JOHN AARON VANDERBURG RESULTING IN
SERIOUS INJURY BY CORRECTIONS OFFICERS AND MEDICAL**

**STAFF ACTING UNDER COLOR OF STATE LAW**

15.     Paragraph No. 15 does not appear to make any allegations against this answering Defendant.  However, to the extent that any such allegations are made this answering Defendant denies same.

16.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

17**.**     Admitted.

18.     The allegations contained in Paragraph No. 18 of the Amended Complaint are not directed at this answering Defendant, and therefore do not require a response.   However, out of an abundance of caution, to the extent said allegations make any implication of liability against this answering Defendant, said allegations are denied.

**INTENTIONAL USE OF INJURIOUS EXCESSIVE FORCE**

19.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

20.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

21.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

22.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

23.     To the extent that  Paragraph 23 and its sub-paragraphs A, B, C, D, E and F make allegations against this answering Defendant, these allegations are denied.

24.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

## DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS FOR SUBSTANTIAL INJURIES SUSTAINED BY VANDERBURG FROM ASSAULT IN BOOKING

25.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

26.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

27.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

28      To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

29.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

30.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

## CONSPIRACY TO COVER UP BEATING(S) BY CORRECTIONAL OFFICERS

31.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

32.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

33.     To the extent that this Paragraph makes allegations against this answering Defendant,

these allegations are denied.

34.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

35.     This answering Defendant denies the allegations contained in Paragraph No. 35.

## **KNOWLEDGE OF HABIT, PATTERN, CUSTOM OR POLICY**

36.     Admitted.

37.     This answering Defendant admits that he was aware of the 1995 Consent Decree and that quarterly status reports were to be provided to the Department of Justice.  To the extent that this paragraph makes allegations against this answering Defendant, these allegations are denied.

38.     This answering Defendant admits that he was aware of the Steve Martin report dated February 1, 2005.  To the extent that this paragraph makes allegations against this answering Defendant, these allegations are denied.

39.     To the extent that this paragraph makes allegations against this answering Defendant, these allegations are denied.

40.     To the extent that this paragraph makes allegations against this answering Defendant, these allegations are denied.

41.     To the extent that this paragraph makes allegations against this answering Defendant, these allegations are denied.

42.     This answering Defendant denies that Kase Alves was tortured at the HCADC.  To the extent that this paragraph makes allegations against this answering Defendant, these allegations are denied.

43.     To the extent that this paragraph makes allegations against this answering Defendant, these allegations are denied.

44.     Denied.

### FURTHER EVIDENCE AND DOCUMENTATION OF OFFICIAL RECORD

45.    To the extent that this paragraph makes allegations against this answering Defendant, these allegations are denied.

46.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

### PERSISTENT AND WIDESPREAD PRACTICES OF INJURIOUS ABUSE AND USE OF EXCESSIVE FORCE ON PRE-TRIAL DETAINEES THAT "SHOCK THE CONSCIENCE"

### WELCOME TO THE HOUSE OF PAYNE

47.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

48.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

49.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

50.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

### "THUMPING" ARRIVING ARRESTEES

51.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

52.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

53.      To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

54.      To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

55.      To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

56.      To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

**ARRIVING ARRESTEES WHO WERE CONSIDERED
VERBALLY AGGRESSIVE WERE RESPONDED TO WITH
<u>EXCESSIVE AND UNJUSTIFIED USE OF UNNECESSARY FORCE</u>**

57.      The allegations contained in Paragraph No. 57 of the Amended Complaint do not appear to require a response from this answering Defendant; however, out of an abundance of caution, said allegations are denied.

58.      The allegations contained in Paragraph No. 58 of the Amended Complaint do not appear to require a response from this answering Defendant; however, out of an abundance of caution, said allegations are denied.

59.      The allegations contained in Paragraph No. 59 of the Amended Complaint do not appear to require a response from this answering Defendant; however, out of an abundance of caution, said allegations are denied.

60.      The allegations contained in Paragraph No. 60 of the Amended Complaint do not appear to require a response from this answering Defendant; however, out of an abundance of caution, said allegations are denied.

## THEME NIGHTS IN BOOKING

61.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

62.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

63.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

64.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

65.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

## THE FLOOR SHOWS

66.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

67.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

68.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

69.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

70.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

**THE SLEEPER GAME**

71.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

72.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

73.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

74.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

**THE NO HABLOES**

75.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

76.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

77.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

78.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

79.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

**THE SHOWER**

80.     To the extent that this Paragraph makes allegations against this answering Defendant,

these allegations are denied.

_____81.    To the extent that this Paragraph makes allegations against this answering Defendant,

these allegations are denied.

_____82.    To the extent that this Paragraph makes allegations against this answering Defendant,

these allegations are denied.

_____83.    To the extent that this Paragraph makes allegations against this answering Defendant,

these allegations are denied.

_____84.    To the extent that this Paragraph makes allegations against this answering Defendant,

these allegations are denied.

_____85.    To the extent that this Paragraph makes allegations against this answering Defendant,

these allegations are denied.

_____86.    To the extent that this Paragraph makes allegations against this answering Defendant,

these allegations are denied.

_____87.    To the extent that this Paragraph makes allegations against this answering Defendant,

these allegations are denied.

_____88.    To the extent that this Paragraph makes allegations against this answering Defendant,

these allegations are denied.

89.    To the extent that this Paragraph makes allegations against this answering Defendant,

these allegations are denied.

## **SPRAY THE BITCH**

90.    To the extent that this Paragraph makes allegations against this answering Defendant,

these allegations are denied.

_____91.    To the extent that this Paragraph makes allegations against this answering Defendant,

these allegations are denied.

      92.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

      93.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

## USE YOUR WHOLE BODY TO MAKE ME FEEL GOOD

94.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

95.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

96.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

97.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

98     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

## YARD CALLS

99.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

      100.     To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

101.     To the extent that this Paragraph makes allegations against this answering Defendant,

these allegations are denied.

102.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

## FAILURE TO PROPERLY TRAIN AND SUPERVISE

103.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

104.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

105.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

106.    The allegations contained in Paragraph 106 are denied by this answering Defendant.

107.    The allegations contained in Paragraph 107 are denied by this answering Defendant.

108.    Denied.

109.    Denied.

110.    The allegations contained in Paragraph No. 110 of the Amended Complaint do not appear to require a response from this answering Defendant; however, out of an abundance of caution, said allegations are denied.

111.    Denied.

112.    Denied.

## SPECIFIC STATEMENT OF THE FACTS
## ARREST AND DETENTION OF VANDERBURG

113.    This answering Defendant admits that on or about May 26, 2005, Plaintiff was arrested for DUI 2nd, no seatbelt in use, careless driving, possession of paraphernalia and resisting

arrest, and then transported to the Harrison County Adult Detention Center.  This answering Defendant is without knowledge sufficient to answer the remaining allegations contained in Paragraph No. 113 of the Amended Complaint.

114.    The allegations contained in Paragraph No. 114 of the Amended Complaint are admitted by this answering Defendant.

## VANDERBURG ASSAULTED AND INJURED

115.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

116.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

117.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

118.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations.

119.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

120.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

121.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

122.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

123.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

124.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

125.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

126.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

127.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

## VANDERBURG DENIED NEEDED MEDICAL ASSISTANCE

128.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

129.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

130.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

131.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

132.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

## DECEPTIVE STATEMENTS AND CONSPIRACY TO COVER UP

133.    To the extent that this Paragraph makes allegations against this answering Defendant,

these allegations are denied.

134.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

135.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

136.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

137.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

138.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

139.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

140.    To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

## **VANDERBURG'S PERMANENT INJURIES AND DAMAGES**

141.    This answering Defendant is without sufficient knowledge or information to respond to Plaintiff's allegations of permanent injury and mental and physical disabilities.  To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

142.    This answering Defendant is without sufficient knowledge or information to respond to Plaintiff's allegations of painful and disabling conditions.  To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

143.    This answering Defendant is without sufficient knowledge or information to respond to Plaintiff's allegations of loss of employment opportunities and income.   To the extent that this

Paragraph makes allegations against this answering Defendant,

these allegations are denied.

144.    This answering Defendant is without sufficient knowledge or information to respond to Plaintiff's allegations of injuries, impairment, suffering and pain.  To the extent that this Paragraph makes allegations against this answering Defendant, these allegations are denied.

145.    This answering Defendant is without sufficient knowledge or information to respond to Plaintiff's allegations of mental impairments and future medical treatment.  To the extent that this Paragraph makes allegations against this answering Defendant,

these allegations are denied.

## CONCLUSION

To the extent that the Paragraph titled "Conclusion" contains any allegations against this answering Defendant, said allegations are denied.

## PRAYER FOR RELIEF

To the extent that the three (3) Paragraphs contained under PRAYER FOR RELIEF contain any allegations against this answering Defendant, said allegations are denied.

## AFFIRMATIVE DEFENSES

AND NOW, having answered the  Amended Complaint, the Defendant asserts the following affirmative defenses to be shown and proven at a trial or a hearing of this matter:

I.

The Plaintiff cannot demonstrate the existence of any policy, practice, custom, or usage of the Harrison County Sheriff's Office which later could have been the moving force causing  the alleged constitutional deprivation of which Plaintiff complains, and therefore, Plaintiff cannot maintain a claim against this Defendant pursuant to 42 U.S.C. § 1983.

II.

Defendant invokes the provisions of § 85-5-7, Miss. Code Ann. of 1972, as amended, thus reserving any claims for apportionment, contribution and/or indemnity as to other named or unnamed tortfeasors.

III.

This Defendant pleads all applicable privileges and immunities under both state and federal law, including but not limited to, the common law and statutory doctrines of sovereign immunity, absolute immunity, and qualified immunity. This Defendant states that he is protected by sovereign and absolute immunity.  To the extent alleged, The Defendant, in his individual capacity, states that he is protected by qualified immunity against any claims for penalties, damages, punitive damages, attorney's fees, or any other damages as requested in the Plaintiff's Amended Complaint.

IV.

To the extent the Amended Complaint, raises any claim under Mississippi law, the Defendant specifically pleads all protections to which he is entitled pursuant to §11-46-1, et seq., of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act, including, but not limited to, all notice requirements; all exemptions from the waiver of sovereign immunity; all statutes of limitations; the Defendant's right to a bench trial; and all limitations on liability contained therein.

V.

The Defendant specifically pleads Miss. Code Ann. 11-46-9(1) which exempts governmental entities from the waiver of sovereign immunity for any claim arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection, unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.

VI.

The Defendant specifically pleads Miss. Code Ann. 11-46-9(1)(d) which exempts

governmental entities from the waiver of sovereign immunity for any claim based upon the exercise or performance or the failure to exercise or perform a discretionary or function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.

VII.

The Defendant specially pleads Miss. Code Ann. § 11-46-9(1)(m) which exempts governmental entities from the waiver of sovereign immunity for any claim of any claimant who at the time the claim arises is an inmate of any detention center, jail, . . . or other such institution, regardless of such claimant is or is not an inmate of any detention center, jail, . . . or other such institution where the claim is filed.

VIII.

The Defendant would show that at all times while dealing with the Plaintiff or any other inmate at the HCADC, Defendant acted in a professional manner and conducted any and all of his interaction with the Plaintiff in accordance with the professional standards for inmate medical care, management and/or supervision, and the applicable grievance procedures. Unusual treatment, if any, was a result of and was entirely justified by the legitimate penological needs of the HCADC in securing individuals who presented a risk to other inmates or jail staff due to their criminal histories and their demonstrated efforts to act defiantly. As such, to the extent any of Plaintiff's allegations are later proven to be true, they were entirely justified under the circumstances and in no way violated the Plaintiff's rights or any other provision of federal or state law.

IX.

That the damages allegedly sustained by the Plaintiff are speculative and are not recoverable.

X.

To the extent that Plaintiff's damages arise from a pre-existing condition of the Plaintiff, this

Defendant cannot be held liable.

## XI.

Any acts or omissions by Defendant is not the sole and proximate cause of, or in the alternative, the proximate contributing cause of any injuries to the Plaintiff, or any alleged injuries or damages to the Plaintiff, so this Defendant is not liable to the Plaintiff.

## XII.

Defendant pleads all applicable privileges and immunities under both state and federal law, including but not limited to, the common law and statutory doctrine of sovereign immunity, absolute immunity, and qualified immunity.

## XIII.

That the Defendant reserves his right to seek a setoff and/or credit for any sums paid or any other things of value given to or conferred upon Plaintiff arising out of or in any manner related to this incident, including any reduction in potential criminal penalties or which otherwise served to reduce or mitigate Plaintiff's alleged damages.   In addition or in the alternative,  Defendant would affirmatively show that Plaintiff failed to mitigate his damages and Defendant is therefore entitled to all appropriate setoffs and/or credits or a reduction of Plaintiff's alleged damages, due to said failure to mitigate.

## XIV.

Defendant specifically pleads the doctrines of contributory and comparative negligence.

## XV.

The Defendant would show that the Amended Complaint, to the extent that Plaintiff seeks punitive or exemplary damages, violate certain provisions of the Constitution of the United States and the Mississippi Constitution, including, but not limited to, the following:

It violates the Defendant's protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Constitution of the State of Mississippi.

It further violates the Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Mississippi.

It violates the Fourteenth Amendment as said Amendment guarantees the Defendant equal protection of the law, and the Fourteenth Amendment would be violated by the imposition of punitive damages in that such a sanction is discriminatory and arbitrary in penalizing the Defendant on the basis of wealth.

The Fourth, Fifth, and Sixth Amendments form the basis for laws governing the process, convicting, and sentencing of criminal defendants, and to the extent that the Defendants are subjected to criminal sanctions through punitive damages, the burden of proof for imposing punitive damages is "beyond a reasonable doubt."

XVI.

None of the Plaintiff's alleged injuries are the result of any policy, custom, or usage of the Harrison County Sheriff's Office which led or could have led to the alleged constitutional deprivations of which Plaintiff complains, and therefore, he cannot maintain a claim against this Defendant pursuant to 42 U.S.C. §1983. The Harrison County Sheriff's Department had in place adequate policies and procedures which would have allowed Plaintiff to resolve his complaints, but Plaintiff failed to mitigate his damages by failing to utilize said policies and procedures.

XVII.

To the extent the Plaintiff has not exhausted his administrative remedies, the Defendant would

show that the Complaint and Amended Complaint should be dismissed.

## XVIII.

The Defendant specifically invokes and pleads all defenses to which he may be entitled under the Prison Litigation Reform Act, 42 U.S.C. §1997e(e).

## XIX.

Defendant would show that Plaintiff was afforded all protections due him under the United States Constitution, that any actions by Defendant were reasonable, proper, and complied with any and all constitutional standards, and that there was no violation whatsoever of any of Plaintiff's constitutional or other rights.  This answering Defendant would show that he was not deliberately indifferent, subjectively or otherwise, in any contact with Plaintiff, including any need for medical treatment.  Further, this answering Defendant would show that HCADC had in place adequate and proper policies pertaining to the treatment and  medical care of inmates.  This answering Defendant would further show that all officers were properly hired, and adequately trained and supervised. Additionally, this answering Defendant would show that any and all policies and procedures pertaining to the operation and the staff of the HCADC, including but not limited to, the use of force, use of restraints, medical care, training of officers, supervision, and chain of command were adequate, proper, reasonable, and conformed with any and all constitutional standards and/or requirements.

## XX.

Defendant would show that there can be no liability under Section 1983 under the doctrine of respondeat superior.  Defendant would further show that he did not have actual, subjective knowledge of a substantial risk of serious harm to Plaintiff nor did he respond with subjective deliberate indifference to such a risk under any interpretation of the United States Constitution.

XXI.

The Defendant would show and aver that any damages incurred, the same being denied, were solely, directly, and proximately the result of the negligent and/or intentional acts or omissions of Plaintiff and/or persons other than the answering Defendant, and were the sole proximate cause and/or substantial contributing cause of any incident complained of by the Plaintiff and any and all injuries sustained by the Plaintiff, if any, all of which are denied, and that these activities on the part of the Plaintiff and/or other persons absolve the answering Defendant herein of any liability whatsoever. In the alternative, the Plaintiff's damages, if any, all of which are denied, were proximately caused by an independent intervening and/or superseding cause such as to bar the Plaintiff's claims against the answering Defendant.

XXII.

Defendant would show that any and all actions taken on his  part were in a good faith effort to maintain order and discipline at the HCADC.

XXIII.

Defendant specifically asserts that any cause of action asserted by the Plaintiff is barred by the applicable statute of limitations.

XXIV.

Defendant would state that the Sheriff is the only policymaker at the Harrison County Sheriff's Department and no other Defendants' or any other individual's conduct can be characterized as that of a policymaker.

XXV.

Plaintiff is prohibited from recovering punitive damages under federal law against a municipality.

XXVI.

Defendant would affirmatively show that, to the extent Plaintiff may have suffered any injury or damage, such was the result of Plaintiff's own failure to obey the lawful orders given to them by law enforcement officer acting in their official capacities.  By verbally and physically resisting and refusing to comply with said officers' lawful orders, Plaintiff's own conduct was the proximate cause of any force which may have been used against him, and rendered any such force used entirely reasonably in light of the officers' own need to ensure their safety as well as to preserve order within the HCADC.

XXVII.

Defendant specifically denies each and every material allegation of the Amended Complaint which have not been specifically admitted, regardless of paragraph number or lack thereof or paragraph letter or lack thereof.

XXVIII.

There did not exist a conspiracy to deprive the Plaintiff or any other individual of any rights nor freedoms.  Furthermore, Sheriff George Payne, Jr., was not aware of nor should he have been aware of any such conspiracy as no such conspiracy existed.

XXIX.

The Defendant further reserves the right to amend or supplement this Answer, Defenses, and Affirmative Defenses as discovery and investigation continue.

AND NOW, having fully answered and set forth his Answer, Defenses, and Affirmative Defenses to the Amended Complaint, this Defendant respectfully requests that he be dismissed from this civil action with his proper costs.

RESPECTFULLY SUBMITTED, this the 13th day of March, 2009.

**George Payne, Defendant**

**BY:    DUKES, DUKES, KEATING & FANECA, P.A.**

BY:    *s/Cy Faneca*
        CY FANECA

Cy Faneca,  MSB #5128
Joe Gewin MSB #8851
Haley Broom MSB #101838
**DUKES, DUKES, KEATING AND FANECA, P.A.**
2909 13th St., Sixth Floor
Post Office Drawer W
Gulfport, MS   39502
Telephone:  228/868-1111
Facsimile:   228/863-2886

## CERTIFICATE OF SERVICE

I, CY FANECA, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

James Bailey Halliday
P.O. Box 6783
Gulfport, MS 39502

Patrick R. Buchanan
Brown Buchanan
P.O. Box 1377
Biloxi, MS 39533

Michael E. Bruffey
Brown Buchanan
P.O. Box 1377
Biloxi, MS 39533

Steven B. Dick
Brown Buchanan
P.O. Box 1377
Biloxi, MS 39533

Karen J. Young
Meadows Law Firm
P.O. Box 1076
Gulfport, MS 39502

James L. Davis
Ian A. Brendel
Jim Davis, PA.
P.O. Box 1521
Gulfport, MS 39502

This, the 13th day of March, 2009.

_s/Cy Faneca_____
CY FANECA