IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOHN AARON VANDERBURG**                                                      **PLAINTIFF**

**VERSUS**                                                  **CAUSE NO.1:08cv90LG-RHW**

**HARRISON COUNTY, MISSISSIPPI,**
**BY AND THROUGH ITS BOARD OF SUPERVISORS;**
**HARRISON COUNTY SHERIFF GEORGE PAYNE,**
in his official capacity;
**CORRECTIONS OFFICER RYAN TEEL,**
acting under color of state law                               **DEFENDANTS**

## ANSWER OF HARRISON COUNTY TO FIRST AMENDED COMPLAINT

COMES NOW Harrison County, Mississippi, through its duly constituted and elected Board of Supervisors (hereafter "Harrison County") through its attorney of record, and files this its separate Answer to the First Amended Complaint presented against it, and shows the following:

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which this Court can grant relief.

### SECOND AFFIRMATIVE DEFENSE

Defendant Harrison County, acting through its Board of Supervisors, is exempt as a governmental entity and its employees pursuant to Miss. Code Annotated §11-46-9, et. seq., specifically sections 1(b), (c), (d), (e), (f), (g), (m), (r), and (v).

### THIRD AFFIRMATIVE DEFENSE

Harrison County claims sovereign immunity from for any damages by Plaintiff, as made and provided in Miss. Code Annotated §11-46-1, et. seq.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to give notice of his claim pursuant to Miss. Code Annotated §11-46-11, et. seq.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint is subject to the exclusive remedy provisions of §11-46-7 of the 1972 Miss. Code Annotated. (Supp. 1996).

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint is barred pursuant to the statute of limitations set forth in §11-46-11 of the 1972 Miss. Code Annotated (Supp. 1996), and any other pertinent statutes of limitation.

### SEVENTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over these Defendants and subject jurisdiction of this matter.

### EIGHTH AFFIRMATIVE DEFENSE

The subject of the Plaintiff's First Amended Complaint does not involve any implementation or execution of any policy, statement, ordinance or regulation or decision officially adopted and/or promulgated by these Defendants. The Defendants neither promulgated nor condoned any policy, custom or usage, or the implementation thereof, which allegedly resulted in any constitutional violations or deprivations of Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

All claims are barred by the applicable state and federal statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive or exemplary damages against this Defendant.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Harrison County would show that any damages of the Plaintiff, the existence thereof of which are denied, were the result of inactions or actions of persons other than this Defendant, whose actions Harrison County did not control, or have the right to control, including persons who may have been employed by the Sheriff of Harrison County, but who were acting outside the course and scope of their employment during the incident which is the subject of the First Amended Complaint.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

Plaintiffs cannot recover damages under 42 USC § 1983, 42 USC § 1985, and 42 USC § 1988 against Harrison County under the Doctrine of Respondeat Superior.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

Defendant raises the defenses of contributory or comparative negligence, lack of privity of contract, or any duty owed to Plaintiff by Harrison County.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff failed to follow the proper administrative procedures at the Harrison County Adult Detention Center (HCADC) prior to filing his lawsuit.

**PRELIMINARY STATEMENT OF CLAIM**

1.  Harrison County admits this Court has jurisdiction of this case and that is brought pursuant to 42 USC § 1983, 42 USC § 1985, and 42 USC § 1988. The remaining allegations of Paragraph Number 1 are denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

## JURISDICTION OF THE COURT

9. Harrison County admits this Court has jurisdiction to hear these claims. The remaining allegations of Paragraph 9 are denied.

## VENUE

10. Admitted.

## PARTIES TO THE LAWSUIT

### PLAINTIFF

11. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny same.

### DEFENDANTS

12. Harrison County admits it acts through its Board of Supervisors and is a political subdivision of the State of Mississippi. The remaining allegations of Paragraph 12 are denied.

13. Harrison County admits George Payne was the duly elected Sheriff of Harrison County, Mississippi and is an adult resident citizen of Harrison County, Mississippi. Harrison County admits that Sheriff Payne was vested with the final decision making authority and responsibility to hire, train, supervise, set policies and determine procedures, enforce policies and procedures, delegate authority and generally oversees and supervises the daily operations of the Harrison County Sheriff's Department and all of its divisions, departments and personnel, including the Harrison County Adult Detention Center (HCADC). The remaining allegations of Paragraph 13 are denied.

14. Harrison County admits Ryan Teel was a Shift Supervisor of the Booking Department at the HCADC. The remaining allegations of Paragraph 14 are denied.

## STATEMENT OF THE CASE

### VIOLATION OF CONSTITUTIONAL PROTECTIONS AFFORDED

**PRE-TRIAL DETAINEE JOHN AARON VANDERBURG RESULTING IN SERIOUS INJURY BY CORRECTIONS OFFICERS AND MEDICAL STAFF ACTING UNDER COLOR OF STATE LAW**

15. Harrison County admits this is Federal Civil Lawsuit brought under 42 USC § 1983, 42 USC § 1985, and 42 USC § 1988. The remaining allegations of Paragraph 15 are denied.

16. Denied.

17. Denied.

18. Denied.

**INTENTIONAL USE OF INJURIOUS EXCESSIVE FORCE**

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Each and every allegation in Paragraph 23, including Sub-Paragraphs A through F, are denied.

24. Denied.

**DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS FOR SUBSTANTIAL INJURIES SUSTAINED BY VANDERBURG FROM BRUTAL BEATING IN BOOKING**

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Each and every allegation in Paragraph 30, including sub-paragraphs 1, 2 and 3 are denied.

## **CONSPIRACY TO COVER UP BEATING(S) BY CORRECTIONAL OFFICERS**

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## **HABIT, PATTERN, CUSTOM OR POLICY**

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## **FURTHER EVIDENCE AND DOCUMENTATION OF OFFICIAL RECORD**

45. Denied.

46. Denied.

## **PERSISTENT AND WIDESPREAD PRACTICES OF INJURIOUS ABUSE AND USE OF EXCESSIVE FORCE ON PRE-TRIAL DETAINEES THAT "SHOCK THE CONSCIENCE"**

## **WELCOME TO THE HOUSE OF PAYNE**

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## "THUMPING" ARRIVING ARRESTEES

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## ARRIVING ARRESTEES WHO WERE CONSIDERED VERBALLY AGGRESSIVE WERE RESPONDED TO WITH EXCESSIVE AND UNJUSTIFIED USE OF UNNECESSARY FORCE

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## THEME NIGHTS IN BOOKING

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## THE FLOOR SHOWS

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

## THE SLEEPER GAME

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## THE NO HABLOES

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

## THE SHOWER

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

## SPRAY THE BITCH

90. Denied.

91. Denied.

92. Denied.

93. Denied.

### **USE YOUR WHOLE BODY TO MAKE ME FEEL GOOD**

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

### **YARD CALLS**

99. Denied.

100. Denied.

101. Denied.

102. Denied.

### **FAILURE TO PROPERLY TRAIN AND SUPERVISE**

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

## SPECIFIC STATEMENT OF THE FACTS

### ARREST AND DETENTION OF VANDERBURG

113. Denied.

114. Denied.

### VANDERBURG ASSAULTED AND INJURED

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

### VANDERBURG DENIED NEEDED MEDICAL ATTENTION

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

## DECEPTIVE STATEMENTS AND CONSPIRACY TO COVER-UP

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

## VANDERBURG'S INJURIES AND DAMAGES

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

## CONCLUSION

146.   Harrison County denies each and every allegation in the general "CONCLUSION" clause of the First Amended Complaint and demands strict proof thereof.

## PRAYER FOR RELIEF

147.   Harrison County denies each and every allegation in the general "WHEREFORE PREMISES" clause of the First Amended Complaint, including sub-paragraphs 1 through 3, and denies Plaintiff is entitled to any damages whatsoever.

WHEREFORE, Defendant Harrison County files this its separate Answer to the First Amended Complaint presented against it and upon final hearing moves that same be dismissed

along with your Defendant with its costs being assessed against Plaintiff.

    RESPECTFULLY SUBMITTED this the 18th day of March, 2009.

                            HARRISON COUNTY, BY AND THROUGH ITS
                            DULY ELECTED BOARD OF SUPERVISORS

                            MEADOWS LAW FIRM


                            BY: /s/ *Karen J. Young*
                                KAREN J. YOUNG

Karen J. Young, Esq.
MS Bar No. 6654
MEADOWS LAW FIRM
P.O. Box 1076
Gulfport, MS 39502
Telephone: (228)868-7717
Facsimile: (228)868-7715
Email: kyoung@datasync.com

## CERTIFICATE OF SERVICE

    I, Karen J. Young, of Meadows Law Firm, do hereby certify that a true and correct copy of the above and foregoing was filed electronically with the United States District Court wherein a copy was forwarded electronically to:

        Cyril T. Faneca, Esq.
        Dukes, Dukes, Keating & Faneca
        P. O. Drawer W
        Gulfport, MS .39502

        Robert H. Pederson, Esq.
        Watkins & Eager
        P. O. Box 650
        Jackson, MS 39205-0650

        Ian A. Brendel, Esq.
        James L. Davis III, Esq.

       P. O. Box 1839
       Gulfport, MS 39502

       George D. Hembree III, Esq.
       McGlinchey Stafford
       P. O. Drawer 22949
       Jackson, MS 39225-2949

       Robert G. Harenski, Esq.
       P.O. Box 4961
       Biloxi, MS 39535

       Patrick R. Buchanan, Esq.
       Michael E. Bruffey, Esq.
       Steven B. Dick, Esq.
       Brown Buchanan, P. A.
       P. O. Box 1377
       Biloxi, MS 39533

SO CERTIFIED this the 18th day of March, 2009.

       /s/ *Karen J. Young*
       KAREN J. YOUNG, MS Bar #6654

Karen J. Young, Esq.
MS Bar No. 6654
MEADOWS LAW FIRM
P.O. Box 1076
Gulfport, MS 39502
Telephone: (228)868-7717
Facsimile: (228)868-7715
Email: kyoung@datasync.com